IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SAC ACQUISITION LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>ELITE PRODUCTS, a California Corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT<br><br><br><br>Case No. 2:06-CV-7 TS |

This matter comes before the Court on Markos & Widly, Inc. d/b/a Elite Products' ("MWI" or "Defendant") Motion to Set Aside Default and Motion for Enlargement of Time to Respond to Amended Complaint. Because Defendant has shown good cause, the Default Certificate will be set aside and Defendant will be permitted additional time to respond to Plaintiff's Amended Complaint.

1

I.  BACKGROUND

The Lovesac Corporation filed this action against Elite Products on January 4, 2006.[1]  On April 18, 2006, Plaintiff filed a Notice of Bankruptcy and Automatic Stay.[2]  On July 19, 2007, the Court issued an Order to Show Cause, directing Plaintiff to inform the Court of the status of the case and its intentions to proceed.[3]  In response to the Order to Show Cause, Plaintiff filed an Amended Complaint and a Motion for Leave to Serve First Amended Complaint Within 120 Days.[4]  That Motion was granted.[5]

Plaintiff served its Amended Complaint on Elite Products' registered agent on December 6, 2007,[6] within the 120-day time period.  Elite Products did not respond.  On January 15, 2008, Plaintiff filed a Motion for Entry of Default Judgment[7] and the Clerk of the Court entered a Default Certificate on January 25, 2008.[8]

On February 13, 2008, MWI filed a Motion to Set Aside Default and a Motion for Enlargement of Time to Respond to Plaintiff's Amended Complaint.  MWI argues that the Default Certificate should be set aside and it should be given an opportunity to respond to the

---

[1]Docket No. 1.

[2]Docket No. 5.

[3]Docket No. 7.

[4]Docket No. 8.  Plaintiff's Amended Complaint named Sac Acquisition as Plaintiff.

[5]Docket No. 9.

[6]Docket No. 10.

[7]Docket No. 11.

[8]Docket No. 13.

Amended Complaint.  Plaintiff responds that the Default Certificate should not be set aside because Defendant's arguments are insufficient.

In addition to this litigation, the parties are engaged in a somewhat related action before the Patent and Trademark Office ("PTO").  Since December 2005, Defendant's in-house counsel has been involved in discussions with Plaintiff's counsel in an effort to resolve these matters informally.[9]  Those discussions resulted in a stay of the proceedings before the PTO to pursue settlement that would resolve both the actions before the PTO and this Court.[10]  As a result of the ongoing settlement discussions and the stay of the PTO proceedings, Defendant's President and CEO believed that this litigation had also been put on hold.[11]  Despite continuing discussions between counsel, Plaintiff's counsel did not inform Defendant's in-house counsel that Plaintiff would be seeking default.

## II.  DISCUSSION

Fed.R.Civ.P. 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  "[I]t is well established that the good cause required by Fed.R.Civ.P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed.R.Civ.P. 60(b)."[12]  Default judgments are disfavored by courts.[13]

---

[9]Docket No. 17, Ex. 3, ¶ 2.

[10]*Id*., Exs. 4-5.

[11]*See id*. Ex. 7, ¶ 5.

[12]*Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).

[13]*See Katzson Bros., Inc. v. United States EPA*, 839 F.2d 1396, 1399 (10th Cir. 1988).

"The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense."[14]

First, the Court must consider whether the default was the result of culpable conduct of the defendant. "If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone."[15] "Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default."[16] Considering this factor, the Court cannot find that Defendant's failure to file an answer was the result of culpable conduct. As discussed above, the parties have been involved in settlement negotiations and have stayed related proceedings before the PTO. Defendant's President and CEO believed that this matter was also stayed. Thus, Defendant has shown this factor.

Next, the Court must determine whether Plaintiff would be prejudiced if the default were set aside. Delaying possible recovery is not sufficient to show prejudice.[17] Something more is required.[18] Plaintiff has not alleged any additional prejudice other than that which would normally accompany litigation. Moreover, Plaintiff waited eighteen months after commencing

---

[14] *Hunt v. Ford Motor Co.*, 65 F.3d 178, *3 (10th Cir. 1995).

[15] *Id.*

[16] *Id. See also United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir. 1993) ("Generally, a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default.").

[17] *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2699 (3d. ed. 1998).

[18] *Id.*

this action to file an Amended Complaint and waited an additional 119 days to serve the Amended Complaint on Defendant. Thus, there can be no credible argument that Plaintiff will be prejudiced by setting aside the default.

Finally, the Court must consider whether Defendant has presented a meritorious defense. "Defendant does not need to demonstrate a likelihood of success on the merits, but rather, defendant's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense."[19] Here, Defendant has filed an Answer and Counterclaim[20] that advances a number of meritorious defenses, including non-infringement and invalidity. Therefore, the Court finds that Defendant has shown this factor.

Based on the above, the Court will grant Defendant's Motion to Set Aside Default and will set aside the Default Certificate issued on January 25, 2008. In addition, the Court will grant Defendant's Motion for Enlargement of Time to Respond to Amended Complaint, though it appears that this Motion may now be moot as Defendant has filed an Answer and Counterclaim.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Set Aside Default (Docket No. 15) is GRANTED. It is further

ORDERED that Defendant's Motion for Enlargement of Time to Respond to Amended Complaint (Docket No. 16) is GRANTED.

The hearing set for June 12, 2008, is stricken.

---

[19]*Fink v. Swisshelm*, 185 F.R.D. 353, 355 (D. Kan. 1999).

[20]Docket No. 18.

DATED   June 3, 2008.

                                      BY THE COURT:

                                      _____
                                      TED STEWART
                                      United States District Judge